People v McKiernan (2020 NY Slip Op 20352)

People v McKiernan

2020 NY Slip Op 20352 [70 Misc 3d 79]

Accepted for Miscellaneous Reports Publication

Supreme Court, Appellate Term, Second Department, 9th and 
10th Judicial Districts

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, March 17, 2021

[*1]

The People of the State of New York, Respondent,
v
Brendan A. McKiernan, Appellant.

Supreme Court, Appellate Term, Second Department, 9th and 10th Judicial Districts, December 24, 2020

APPEARANCES OF COUNSEL

Peter G. McKiernan and John R. Lewis for appellant.
Anthony A. Scarpino, Jr., District Attorney (Brian R. Pouliot and William C. Milaccio of counsel), for respondent.

{**70 Misc 3d at 80} OPINION OF THE COURT

Memorandum.

Ordered that the judgments of conviction are affirmed.
On December 17, 2015, defendant was arraigned, insofar as relevant to this appeal, on three uniform traffic tickets (UTTs) charging him with, respectively, aggravated driving while intoxicated (Vehicle and Traffic Law § 1192 [2-a] [a]), driving while intoxicated (per se) (Vehicle and Traffic Law § 1192 [2]) and driving while intoxicated (common law) (Vehicle and Traffic Law § 1192 [3]), all stemming from a single act of driving. In an omnibus motion filed on March 16, 2016, defendant sought, among other things, to dismiss the accusatory instruments on facial insufficiency and statutory speedy trial grounds{**70 Misc 3d at 81} (see CPL 30.30). By order dated September 13, 2016, the City Court denied defendant's motion. Defendant's repeated oral arguments, during multiple subsequent court appearances, regarding facial insufficiency and statutory speedy trial were consistently rebuffed by the court.
On September 28, 2017, defendant pleaded guilty to the three charges—aggravated driving while intoxicated, driving while intoxicated (per se) and driving while intoxicated (common law)—and was allocuted. The matter was adjourned to December 18, 2017, for sentencing but, on that date, defendant objected on double jeopardy grounds to the imposition of [*2]three separate fines since his convictions were all based upon a single act of driving. On February 1, 2018, defendant renewed his objection to the imposition of separate fines for each conviction. The City Court noted that it would sentence defendant to pay the minimum statutorily authorized fine for each conviction, namely, $1,000 for the aggravated driving while intoxicated conviction and $500 apiece for the common-law driving while intoxicated convictions (see Vehicle and Traffic Law § 1193 [1] [b]).
On February 16, 2018, defendant was sentenced and paid the fines. Prior to sentencing, as he had done on at least one prior court appearance, defendant argued that, because he had installed, and been using, the ignition interlock for some number of months during the pendency of the case, the branch of his sentence requiring one year of ignition interlock use should be backdated rather than beginning that day. The court denied defendant's request and ordered ignition interlock use for one year beginning the date of sentence.
[1] Defendant's assertion of a "defect in [the UTTs] is jurisdictional . . . and was not forfeited by [his] guilty plea[s]" (People v Davis, 31 Misc 3d 142[A], 2011 NY Slip Op 50844[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2011] [citations omitted]). However, defendant's claim that the UTTs were not valid accusatory instruments is without merit, as they "substantially conform[ed] to the form prescribed by the Commissioner of Motor Vehicles and provide[d] the court with sufficient information to establish that it ha[d] jurisdiction to hear the case" (People v Atkinson, 42 Misc 3d 139[A], 2014 NY Slip Op 50169[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2014]; see CPL 1.20 [1]).
As recently as the year 2019, defendant's preserved statutory speedy trial claim on appeal would have been deemed{**70 Misc 3d at 82} waived by his guilty plea (see e.g. People v Smith, 155 AD3d 977, 978 [2017]). However, pursuant to an amended CPL statute that went into effect on January 1, 2020, an "order . . . denying a motion to dismiss pursuant to [a statutory speedy trial claim] shall be reviewable upon an appeal from an ensuing judgment of conviction notwithstanding the fact that such judgment is entered upon a plea of guilty" (CPL 30.30 [6]). Consequently, we are confronted with the question of which version of CPL 30.30 should inform our analysis here—the pre-January 1, 2020 statute that was in effect when the judgment of conviction was entered or the amended statute in effect while the matter is under appellate review.
[2] The Appellate Term for the Second, Eleventh, and Thirteenth Judicial Districts recently held that another subsection of the amended CPL 30.30 statute applies retroactively to permit dismissals of traffic infractions based on speedy trial grounds (see CPL 30.30 [1] [e] [eff Jan. 1, 2020]; People v Galindo, 70 Misc 3d 16 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]). We agree with the reasoning and result of Galindo with respect to the retroactive effect of CPL 30.30 (1) (e), and we extend that reasoning to the retroactivity of CPL 30.30 (6). In so holding, we note that, although defendant's conviction was entered prior to the enactment of the amended statute, "[t]raditional common-law methodology contemplates that cases on direct appeal will generally be decided in accordance with the law as it exists at the time the appellate decision is made" (People v Favor, 82 NY2d 254, 260 [1993]).
Therefore, defendant's statutory speedy trial claim is validly before this court. It is, however, unpersuasive, as defendant's argument that the People's declarations of readiness were illusory rests squarely upon his incorrect assertion that the UTTs were not valid accusatory instruments (see e.g. People v Kerins, 26 Misc 3d 127[A], 2009 NY Slip Op 52609[U], *2 [App [*3]Term, 2d Dept, 9th & 10th Jud Dists 2009] ["the People could not validly declare themselves ready until there was an accusatory instrument sufficient for trial"]; People v Reyes, 24 Misc 3d 51 [App Term, 2d Dept, 9th & 10th Jud Dists 2009]). Since, in fact, the UTTs were valid accusatory instruments, the People's statements of readiness are "presumed truthful and accurate" (People v Brown, 28 NY3d 392, 399 [2016]), and defendant presents no alternative basis for rebutting this presumption.
Although defendant's "alleg[ation of a] violation of the constitutional right to a speedy trial is not forfeited by a plea{**70 Misc 3d at 83} of guilty" (People v Briggs, 123 AD3d 1051, 1051 [2014]), it is unpreserved (see People v Morgan, 30 Misc 3d 52, 53 [App Term, 2d Dept, 9th & 10th Jud Dists 2010]), and we decline to review it in the interest of justice. In any event, defendant's claim lacks merit because the primary cause for the delays during the approximately two-year-long proceedings of the instant case was defendant's repeated, redundant and erroneous attacks on the sufficiency of the UTTs as accusatory instruments. Defendant was not incarcerated during the course of the proceedings, and he alleges no impairment to his defense as a result of these delays. Furthermore, the underlying allegations against defendant—that a police officer observed him operating a motor vehicle with glassy bloodshot eyes, slurred speech, balance issues and a blood alcohol content of approximately .19%, nearly 21/2 times the legal limit—are serious. These factors lean decidedly against a finding of a constitutional speedy trial violation (see People v Romeo, 12 NY3d 51, 55 [2009]; People v Taranovich, 37 NY2d 442 [1975]).
Defendant also argues on appeal, in effect, that the limiting language in the text of Penal Law § 80.15, that proscribes applying its prohibition against the imposition of multiple fines for multiple convictions arising from a single act to the Vehicle and Traffic Law, is unconstitutional, as the issuance of three fines pursuant to separate Vehicle and Traffic Law convictions predicated upon a single act of driving contravened his constitutional right against double jeopardy. However, defendant has "provided no proof that the Attorney General was notified of his challenge to the constitutionality of [Penal Law § 80.15] . . . . As such, this Court will not reach this issue on appeal" (People v Brown, 64 AD3d 611, 611 [2009]; see CPLR 1012 [b] [3]; Executive Law § 71 [3]).
Defendant's remaining contentions are either academic or lack merit.
Accordingly, the judgments of conviction are affirmed.
Adams, P.J., Tolbert and Ruderman, JJ., concur.