People v Ali (2021 NY Slip Op 21066)

People v Ali

2021 NY Slip Op 21066 [71 Misc 3d 25]

Accepted for Miscellaneous Reports Publication

Supreme Court, Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, June 9, 2021

[*1]

The People of the State of New York, Respondent,
v
Ricky Ali, Appellant.

Supreme Court, Appellate Term, First Department, March 19, 2021

APPEARANCES OF COUNSEL

Legal Aid Society (Katheryne M. Martone of counsel) for appellant.
Darcel D. Clark, District Attorney (Marianne Stracquadanio of counsel), for respondent.

{**71 Misc 3d at 26} OPINION OF THE COURT

Per Curiam.

Judgment of conviction (Armando Montano, J.), rendered May 11, 2016, affirmed.
The verdict convicting defendant of driving while impaired by alcohol (see Vehicle and Traffic Law § 1192 [1]) was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis for disturbing the court's determinations concerning credibility (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The credited police testimony established that defendant drove his vehicle while exhibiting visible signs of impairment by alcohol: his eyes were bloodshot, his breath had an odor of alcohol, he was unsteady on his feet and he admitted that he had consumed alcohol (see People v Cruz, 48 NY2d 419, 426-427 [1979], appeal dismissed 446 US 901 [1980]).
We find unavailing defendant's argument that the 2019 amendment to CPL 30.30, which added "vehicle and traffic law infractions" to the offenses subject to statutory speedy trial dismissal (CPL 30.30 [1] [e]), should be retroactively applied to the May 2016 conviction challenged on this appeal (see People v Duggins, 192 AD3d 191 [2021]). The legislature did not clearly express an intention that CPL 30.30 (1) (e) be applied retroactively to cases where a defendant was sentenced prior to the effective date of the legislation (see McKinney's Cons Laws of NY, Book 1, Statutes § 52; Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d 332, 370 [2020] ["(i)t takes a clear expression of the legislative purpose . . . to justify a retroactive application" of a statute, which "assures that (the legislative body) itself has affirmatively considered the potential unfairness of retroactive application and determined that it is an acceptable price to pay for the countervailing benefits" (internal quotation marks and citation omitted)]). Moreover, statutory amendments are presumed to apply prospectively, and the exception allowing for retroactive application of remedial legislation and statutes{**71 Misc 3d at 27} governing procedural matters is inapposite because CPL 30.30 (1) (e) created a new speedy trial right (see People v Duggins). The extended (eight-m[*2]onth) postponement of the effective date of the amendment indicates an intention to delay its application, further militating against applying it retroactively (see People v Utsey, 7 NY3d 398, 403-404 [2006] ["If the amendments were to have retroactive effect, there would have been no need for any postponement" (citation omitted)]).
We acknowledge that the Appellate Term, Second Department has concluded that CPL 30.30 (1) (e) should be given retroactive application (see People v McKiernan, 70 Misc 3d 79 [App Term, 2d Dept, 9th & 10th Jud Dists 2020]; People v Galindo, 70 Misc 3d 16 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]). For the reasons stated above, we decline to follow those decisions.
Higgitt, J.P., Brigantti and Hagler, JJ., concur.