People v Vasquez (2022 NY Slip Op 22170)

People v Vasquez

2022 NY Slip Op 22170 [75 Misc 3d 49]

Accepted for Miscellaneous Reports Publication

Supreme Court, Appellate Term, Second Department, 9th and 
10th Judicial Districts

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, August 3, 2022

[*1]

The People of the State of New York, Appellant,
v
Ruddy Vasquez, Respondent.

Supreme Court, Appellate Term, Second Department, 9th and 10th Judicial Districts, May 23, 2022

APPEARANCES OF COUNSEL

Raymond A. Tierney, District Attorney (Alfred J. Croce of counsel), for appellant.
Suffolk County Legal Aid Society (Anju M. Alexander of counsel) for respondent.

{**75 Misc 3d at 50} OPINION OF THE COURT

Memorandum.

Ordered that the order is reversed, on the law, the branch of defendant's motion seeking to dismiss the accusatory instruments on statutory speedy trial grounds is denied, the accusatory instruments are reinstated and the matters are remitted to the District Court for determination of the remaining branches of defendant's motion and for all further proceedings.
Defendant was arraigned on August 27, 2019, on 11 separate accusatory instruments. Three of the accusatory instruments charged defendant with Vehicle and Traffic Law misdemeanors, namely, per se driving while intoxicated (Vehicle and Traffic Law § 1192 [2]), common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]) and aggravated unlicensed operation of a motor vehicle in the third degree (Vehicle and Traffic Law § 511 [1] [a]), respectively. In each of the remaining{**75 Misc 3d at 51} accusatory instruments, defendant was charged with a single traffic infraction. On or about January 25, 2021, defendant filed an omnibus motion seeking, among other things, as pertains to the instant appeal, dismissal of the accusatory instruments on statutory speedy trial grounds. Defendant, focusing only on time periods during the year 2020, argued that the number of days that year chargeable against the People was more than the respective statutory time limits of the separately charged violations of the Vehicle and Traffic Law. Specifically, defendant argued that all time was chargeable from January 1, 2020, when the amended CPL 30.30 and new CPL article 245 statutes went into effect, to November 20, 2020, when the People filed and served a certificate of compliance (CoC) and a statement of readiness, as required under CPL article 245 (see CPL 245.50 [3])—excepting March 20 to September 8, 2020, during which time the provisions of CPL 30.30 were tolled pursuant to [*2]executive orders from the governor's office in response to the COVID-19 outbreak.
In an order dated April 22, 2021, the District Court agreed with defendant's assessment, found that 152 days were chargeable to the People, and granted the branch of defendant's motion seeking to dismiss the accusatory instruments on statutory speedy trial grounds. In so doing, the court rejected the People's protestation that the time from January 1 to March 20, 2020, and from September 8 to October 26, 2020, constituted an excludable consent adjournment due to plea negotiations, holding that CPL 30.30 "exclusions are only available after the People have already filed their [CoC] and have announced their readiness for trial."
As defendant was charged in separate accusatory instruments, each gets its own distinct statutory speedy trial "clock" which is to be evaluated independently of the others (see People v Corriette, 25 Misc 3d 141[A], 2009 NY Slip Op 52462[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2009]). With respect to each accusatory instrument charging defendant with a traffic infraction,
"we note that Vehicle and Traffic Law § 155 provides that a traffic infraction is not a crime and that Penal Law § 10.00 (3) defines a violation as 'an offense, other than a "traffic infraction." ' If, in enacting [the amended] CPL 30.30 (1) (e), the legislature wanted CPL 30.30 (1) (d) to apply to an{**75 Misc 3d at 52} accusatory instrument which charges one (or more) traffic infraction(s) only, it would have had to simultaneously amend CPL 30.30 (1) (d) by deleting the words, 'at least one of which is a violation.' As the legislature failed to so amend CPL 30.30 (1) (d), the statutory speedy trial requirements of CPL 30.30 (1) (d) would not apply [thereto]" (People v Lopez, 73 Misc 3d 133[A], 2021 NY Slip Op 51016[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2021]).
As the accusatory instruments charging defendant with committing traffic infractions only remain outside the ambit of CPL 30.30, defendant is not entitled to relief under the amended speedy trial statute with respect thereto.
We now turn to the three misdemeanor charges, i.e., the two informations charging defendant with driving while impaired by alcohol, for each of which there is a 90-day statutory speedy trial clock (see Vehicle and Traffic Law § 1193 [1] [b]; CPL 30.30 [1] [b]), and the simplified traffic information charging defendant with aggravated unlicensed operation of a motor vehicle in the third degree, for which there is a 60-day statutory speedy trial clock (see Vehicle and Traffic Law § 511 [1] [c]; CPL 30.30 [1] [c]). The People correctly do not dispute that, despite having previously declared themselves ready for trial on September 19, 2019, they were placed in a state of nonreadiness on January 1, 2020, the effective date of CPL article 245, as a matter of law, as no CoC had been filed as of that date (see CPL 245.50 [3] ["the prosecution shall not be deemed ready for trial for purposes of section 30.30 of this chapter until it has" filed a valid CoC]). Therefore, as of January 1, 2020, it was no longer the case that the "People [had] done all that is required of them to bring the case to a point where it may be tried" (People v Brown, 28 NY3d 392, 404 [2016] [internal quotation marks omitted]), again, until the prosecution filed a valid CoC.
The terms "prereadiness" and "postreadiness," as used in statutory speedy trial analysis, mean what they say, namely, "[t]he period before the People announce they are 'ready for trial' is referred to as the 'prereadiness' period; and the period after that announcement is the 'postreadiness' period" (William C. Donnino, Practice Commentaries, McKinney's Cons Laws of [*3]NY, CPL 30.30). No reading of the amended CPL 30.30 or new CPL article 245 statutes requires or even permits a modification of these terms' respective standard definitions. Nothing in the amended CPL 30.30 or new CPL article 245 statutes{**75 Misc 3d at 53}compels or even permits the reversion of the People's standing to prereadiness status with respect to statutory trial readiness, as of January 1, 2020, the effective date of both statutes. Here, then, as defendant does not dispute the presumed validity of the People's September 19, 2019 declaration of readiness (see Brown, 28 NY3d at 407), the 2020 adjournment periods constitute postreadiness time, contrary to the District Court's conclusion. As such, the People may only be charged with "postreadiness periods of delay that are actually attributable to the People and are ineligible for an exclusion" (People v Cortes, 80 NY2d 201, 208 [1992]).
In court on February 27, 2020, the court granted defense counsel's request to adjourn to March 20, 2020, which renders this time excludable on consent by defendant (see CPL 30.30 [4] [b]; People v Kopciowski, 68 NY2d 615, 617 [1986]; People v Robinson, 171 AD2d 475, 478 [1991]). Consequently, the District Court erred by charging this 22-day period. Similarly, in court on September 8, 2020, and again on October 26, 2020, defense counsel requested the adjournments, rendering the time until the November 20, 2020 filing of the CoC and statement of readiness excludable as well (see CPL 30.30 [4] [b]; Kopciowski, 68 NY2d at 617; Robinson, 171 AD2d at 478). Therefore, the court again erred by charging this 73-day time period. Subtracting the total of 95 wrongly-charged days from the District Court's 152-day count yields a final count of 57 chargeable days, less than both the respective 90- and 60-day time limits for the unclassified misdemeanor charges.
Accordingly, the order is reversed and the branch of defendant's motion seeking to dismiss the accusatory instruments on statutory speedy trial grounds is denied.
Driscoll, J.P., Voutsinas and Warhit, JJ., concur.