People v King (2023 NY Slip Op 02409)

People v King

2023 NY Slip Op 02409

Decided on May 5, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, BANNISTER, MONTOUR, AND OGDEN, JJ.

94 KA 20-00330

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ALVIN KING, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (SUSAN M. NORMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Onondaga County (Gordon J. Cuffy, A.J.), rendered February 20, 2020. The judgment convicted defendant upon a jury verdict of assault in the second degree, criminal possession of a weapon in the third degree, endangering the welfare of a child (two counts), menacing in the second degree (two counts), menacing a police officer or peace officer and resisting arrest. 
It is hereby ORDERED that the judgment so appealed from is reversed on the law, that part of the motion dated January 27, 2020, seeking to dismiss the indictment pursuant to CPL 30.30 is granted, the indictment is dismissed, and the matter is remitted to Supreme Court, Onondaga County, for proceedings pursuant to CPL 470.45.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, assault in the second degree (Penal Law § 120.05 [2]), arising from a series of events during which defendant, among other things, stabbed his estranged wife several times. In appeal No. 2, defendant appeals by permission of this Court from an order denying his motion pursuant to CPL 440.10 to vacate the judgment in appeal No. 1.
Defendant was initially charged by felony and misdemeanor complaints on September 5, 2018, and later charged with various offenses by indictment filed March 14, 2019, on which date the People first announced readiness for trial. The matter then proceeded with pretrial discovery and plea negotiations, the latter of which were ultimately unsuccessful, and trial was eventually scheduled to commence on January 27, 2020. In the meantime, the new discovery requirements embodied in CPL article 245 and other reforms related thereto became effective on January 1, 2020.
On the morning of the first day of trial as scheduled, defendant moved in writing for an order, inter alia, dismissing the indictment pursuant to CPL 30.30 on the ground that the People were not ready for trial within the applicable time period because, contrary to CPL 245.50 as then in effect, the People had failed to serve and file the requisite certificate of compliance with their discovery obligations. The People thereafter purportedly attempted to serve upon defendant, and may have sought to file with Supreme Court, a certificate of compliance. Following argument on the issue, the court denied that part of defendant's motion seeking to dismiss the indictment, reasoning that the People were not required to abide by the newly effective discovery obligations under CPL article 245 and related speedy trial requirements under CPL 30.30 because they had already announced readiness under the prior law and the statutory changes were not made "retroactive."
Defendant now contends in appeal No. 1 that the court erred in denying that part of his [*2]motion seeking to dismiss the indictment pursuant to CPL 30.30 because, upon the effective date of CPL article 245, the People were returned to a state of unreadiness, and the People's subsequent attempt to serve and file a certificate of compliance did not occur until after the time to declare trial readiness had expired. We agree.
By way of relevant background, in April 2019, as part of a suite of criminal justice reforms, the legislature amended the speedy trial provisions of CPL 30.30 (see L 2019, ch 59, § 1, part KKK) and repealed CPL former article 240 and replaced it with CPL article 245 (see L 2019, ch 59, § 1, part LLL), all of which was made effective on January 1, 2020 (see generally People v Galindo, 38 NY3d 199, 203 [2022]; People v Elmore, 211 AD3d 1536, 1537 [4th Dept 2022]). Thus, "[d]iscovery in criminal actions is now governed by the new CPL article 245, which . . . provides for 'automatic' disclosure by the People to the defendant of 'all items and information that relate to the subject matter of the case' that are in the People's possession or control" (People v Bonifacio, 179 AD3d 977, 977-978 [2d Dept 2020], quoting CPL 245.20 [1]). Following amendments not material to our analysis, CPL article 245 currently provides that, "[w]hen the prosecution has provided the discovery required by [CPL 245.20 (1)]" with certain exceptions not relevant here, the People must "serve upon the defendant and file with the court a certificate of compliance" (CPL 245.50 [1]). In the certificate of compliance, the People are required to "state that, after exercising due diligence and making reasonable inquiries to ascertain the existence of material and information subject to discovery, the prosecutor has disclosed and made available all known material and information subject to discovery" and to "identify the items provided" (id.). Critically, the statute ties the People's adherence to their discovery obligations and the corresponding certificate of compliance requirement to their trial readiness by providing that, "[n]otwithstanding the provisions of any other law, absent an individualized finding of special circumstances in the instant case by the court before which the charge is pending, the prosecution shall not be deemed ready for trial for purposes of [CPL] 30.30 . . . until it has filed a proper certificate pursuant to [CPL 245.50 (1)]" (CPL 245.50 [3]; see CPL 30.30 [5]; People v Brown, 214 AD3d 823, 824 [2d Dept 2023]).
With respect to the applicability of the reforms to pending prosecutions, it is well established that, when an action is "already pending," a newly enacted statute that effects a procedural change "is applicable even then if directed to the litigation in future steps and stages"; however, the statute "is inapplicable, unless in exceptional conditions, where the effect is to reach backward, and nullify by relation the things already done" (Matter of Berkovitz v Arbib & Houlberg, Inc., 230 NY 261, 270 [1921]). Consequently, "while procedural changes are, in the absence of words of exclusion, deemed applicable to subsequent proceedings in pending actions . . . , it takes a clear expression of the legislative purpose to justify a retrospective application of even a procedural statute so as to affect proceedings previously taken in such actions" (Simonson v International Bank, 14 NY2d 281, 289 [1964] [internal quotation marks omitted]; see People v McFadden, 189 AD3d 2086, 2087 [4th Dept 2020], lv denied 36 NY3d 1099 [2021]). Applying those principles, courts, including this Court, have determined that "[t]he relevant provisions of CPL 30.30 and CPL article 245 constituted such [procedural] changes and, as such, applied to proceedings taken in [pending] matter[s] after January 1, 2020" (People v Robbins, 206 AD3d 1069, 1071 [3d Dept 2022], lv denied 39 NY3d 942 [2022]; see Elmore, 211 AD3d at 1537; People v Hewitt, 201 AD3d 1041, 1042-1043 [3d Dept 2022], lv denied 38 NY3d 928 [2022]; see also Brown, 214 AD3d at 824; People v Torres, 205 AD3d 524, 525-526 [1st Dept 2022], lv denied 39 NY3d 942 [2022]). Stated differently, "the procedures outlined in CPL article 245 became applicable to [pending] action[s] as soon as that article became effective" (Elmore, 211 AD3d at 1537).
The People and the dissent nonetheless assert, consistent with the court's reasoning in denying that part of defendant's motion seeking to dismiss the indictment, that the People did not need to abide by the newly effective discovery obligations under CPL article 245 and related speedy trial provisions under CPL 30.30—most prominently the certificate of compliance requirement—because mandating compliance with the statutory changes in pending actions would improperly require "retroactive" application of the reforms and nullify acts previously taken by the People. We reject those assertions.
First, contrary to the People's assertion, we conclude that the Court of Appeals' decision in Galindo does not govern the outcome here. There, "[t]he issue presented on . . . appeal [was] whether CPL 30.30 (1) (e), added to the speedy trial statute and made effective while [the] [*3]defendant's direct appeal was pending before the Appellate Term, applie[d] to his case" (Galindo, 38 NY3d at 201). The subject amendment to CPL 30.30 provided—in abrogation of the previous interpretation of the statute that excluded traffic infractions from the criminal action subject to dismissal on statutory speedy trial grounds—that the maximum times for prosecutorial readiness would now apply to accusatory instruments charging traffic infractions jointly with a felony, misdemeanor, or violation (see Galindo, 38 NY3d at 201-206). The Court of Appeals concluded, however, that the Appellate Term had erred in applying the amendment retroactively on appeal to a prosecution that had been commenced and taken to judgment several years before the effective date of the criminal justice reforms (see id. at 201-202, 206-208). The Court of Appeals reasoned that the text of the amendment did not require retroactive application of the statute and that the legislative delays in abrogating the prior decades-old rule and postponing the effective date of the amendment weighed against retroactive application (see id. at 207). In sum, "there [was] no indication of legislative urgency for CPL 30.30 (1) (e) to 'reach back' and impose an immediate effect on pending matters and no basis to conclude that the amendment should be applied retroactively" (id.). The Court of Appeals thus concluded that, "because the amended statute was not in effect when the criminal action against [the] defendant was commenced, CPL 30.30 (1) (e) ha[d] no application to [the] defendant's direct appeal from that judgment of conviction" (id.; see id. at 202, 206-207).
Galindo thus involved a retroactivity analysis in a criminal prosecution that had already gone to judgment years prior and was pending on appeal when the amendment to CPL 30.30 became effective, whereas the case currently before us involves the application of newly enacted procedural requirements that became effective while the prosecution was pending before the trial court (see e.g. Brown, 214 AD3d at 824; Elmore, 211 AD3d at 1537; Robbins, 206 AD3d at 1071). Consequently, the case before us is governed by the aforementioned legal principles for the application of newly enacted procedural laws to pending actions (see e.g. Simonson, 14 NY2d at 289; Berkovitz, 230 NY at 270). Moreover, and critical to the analysis in Galindo, "CPL 30.30 (1) (e) created a new speedy trial right" upon which a defendant could obtain dismissal of traffic infraction charges (People v Ali, 71 Misc 3d 25, 27 [App Term, 1st Dept 2021], lv denied 37 NY3d 990 [2021]). Stated differently, the amendment to CPL 30.30 imposed upon the People a statutory speedy trial obligation with respect to traffic infractions charged jointly with a felony, misdemeanor, or violation that theretofore did not exist under applicable case law (see Galindo, 38 NY3d at 204-205, 207). Those circumstances explain the Court of Appeals' conclusion that, in addition to not applying retroactively to cases pending on appeal, "the legislature intended that CPL 30.30 (1) (e) apply to criminal actions commenced on or after the effective date of the amendment" (id. at 202), i.e., that particular statutory amendment also does not "impose an immediate effect on pending matters" (id. at 207). To hold otherwise would have allowed CPL 30.30 (1) (e) to improperly "reach backward" and start the People's speedy trial time on already-commenced prosecutions that included traffic infractions which, at the time of commencement, had no speedy trial obligation applicable to such infractions (Berkovitz, 230 NY at 270; see Galindo, 38 NY3d at 207). The Court of Appeals was, in other words, concerned in Galindo that application of CPL 30.30 (1) (e) in pending prosecutions would violate the retrospective component of the pending case analysis (see Simonson, 14 NY2d at 289), and thus linked the applicability of that particular new statutory provision to the commencement date of the criminal action (see Berkovitz, 230 NY at 270). Inasmuch as the addition of the CPL 30.30 (1) (e) speedy trial obligation is distinct from the forward-looking discovery obligations required under CPL article 245 and the corresponding certificate of compliance requirement, we reject the People's assertion in the case before us that the Galindo Court's "analysis of the legislative intent [behind CPL 30.30 (1) (e)] applies equally to CPL article 245."
Second, with respect to the effect of CPL 245.50 (3) on pending prosecutions in which the People had previously announced readiness for trial, we agree with the courts that have concluded that the People "were placed in a state of nonreadiness on January 1, 2020, the effective date of CPL article 245, as a matter of law, [where] no [certificate of compliance] had been filed as of that date" (People v Vasquez, 75 Misc 3d 49, 52 [App Term, 2d Dept, 9th & 10th Jud Dists 2022], lv denied 39 NY3d 965 [2022]; see People v Dobrzenski, 69 Misc 3d 333, 339 [Utica City Ct 2020]; People v Adrovic, 69 Misc 3d 563, 567-568 [Crim Ct, Kings County 2020]; People v Villamar, 69 Misc 3d 842, 849 [Crim Ct, NY County 2020]; People v Roland, 67 Misc 3d 330, 335 [Crim Ct, Kings County 2020]; People v Nge, 67 Misc 3d 650, 654 [Crim Ct, Kings County 2020]). That interpretation flows directly from the text of the new statute. The legislature was clear in stating that, as of January 1, 2020, the service and filing of a certificate of [*4]compliance became a prerequisite for trial readiness for purposes of CPL 30.30 "[n]otwithstanding the provisions of any other law" (CPL 245.50 [3] [emphasis added]). In our view, "[t]he meaning of the statute's notwithstanding clause is plainly understood and clearly supersedes any inconsistent provisions of state law" (Matter of State of New York v John S., 23 NY3d 326, 341 [2014] [internal quotation marks and emphasis omitted]). Consequently, notwithstanding compliance with the provisions of any other law that would have rendered the People ready for trial, as of the effective date of CPL article 245, the People "reverted to a state of unreadiness and could not be deemed ready until filing the certificate of compliance required by CPL 245.50" (Adrovic, 69 Misc 3d at 568).
Contrary to the dissent's assertion, application of the certificate of compliance requirement where the People had previously announced readiness for trial does not violate the principle that a newly enacted procedural law may not "nullify . . . things already done" (Berkovitz, 230 NY at 270). "[T]he changes in the law effective as of January 1, 2020, do not invalidate the People's previous statements of readiness"—i.e., those previous statements, so long as not illusory, remain effective to stop the speedy trial calculation during the pre-amendment period (Adrovic, 69 Misc 3d at 567-568; see e.g. Villamar, 69 Misc 3d at 846-847). But, as of January 1, 2020, "the legislature . . . reset the People's readiness status by tying it to the fulfillment of their obligations under the new discovery laws" (Villamar, 69 Misc 3d at 847). Consequently, as of the effective date of CPL article 245, the People had no longer "done all that [was] required of them to bring the case to a point where it may be tried" (People v England, 84 NY2d 1, 4 [1994], rearg denied 84 NY2d 846 [1994]) until they filed a proper certificate of compliance (see CPL 245.50 [3]; Vasquez, 75 Misc 3d at 52).
In this case, inasmuch as the record establishes that the People were not timely ready for trial, the court erred in denying that part of defendant's motion to dismiss the indictment pursuant to CPL 30.30. " 'CPL 30.30 (1) . . . correlates the applicable time period to the highest grade of offense charged in a criminal action' " (Galindo, 38 NY3d at 205, quoting People v Cooper, 98 NY2d 541, 546 [2002]). Thus, "[i]n felony cases such as this one, CPL 30.30 requires the People to be ready for trial within six months of the commencement of the criminal action (CPL 30.30 [1] [a]). Whether the People have satisfied this obligation is generally determined by computing the time elapsed between the filing of the first accusatory instrument and the People's declaration of readiness, subtracting any periods of delay that are excludable under the terms of the statute and then adding to the result any postreadiness periods of delay that are actually attributable to the People and are ineligible for an exclusion" (People v Cortes, 80 NY2d 201, 208 [1992], rearg denied 81 NY2d 1068 [1993]). "[A] defendant bears the initial burden of alleging that the People were not ready for trial within the statutorily prescribed time period" (People v Allard, 28 NY3d 41, 45 [2016]). The People then "bear the burden of demonstrating sufficient excludable time" (People v Kendzia, 64 NY2d 331, 338 [1985]; see Allard, 28 NY3d at 45).
Here, the criminal action was commenced on September 5, 2018, when the felony and misdemeanor complaints were filed (see CPL 1.20 [17]; People v Osgood, 52 NY2d 37, 43 [1980]; People v Harrison, 171 AD3d 1481, 1482 [4th Dept 2019]). Inasmuch as defendant's charges included felonies, the People were permitted no more than six calendar months of delay or, in this case, 181 days (see CPL 30.30 [1] [a]; Cortes, 80 NY2d at 207 n 3; People v Session, 206 AD3d 1678, 1680 [4th Dept 2022]; see also People v Chavis, 91 NY2d 500, 504 n 3 [1998]; People v Stiles, 70 NY2d 765, 767 [1987]).
Regarding the first period of prereadiness delay, we conclude that the People should be charged with 189 days. Defendant was charged by felony and misdemeanor complaints on September 5, 2018, and the People announced readiness for trial on March 14, 2019, when the indictment was filed. The day the felony and misdemeanor complaints were filed is excluded from the time calculations (see Stiles, 70 NY2d at 767; Harrison, 171 AD3d at 1482), and thus the first period of prereadiness delay is 189 days (see Session, 206 AD3d at 1680). With respect to the second period of prereadiness delay—i.e., after the People reverted to a state of unreadiness upon the effective date of CPL article 245—we conclude that the People should be charged with 26 days. The People were placed in a state of unreadiness on January 1, 2020 (see e.g. Vasquez, 75 Misc 3d at 52), and even assuming, arguendo, that the People thereafter filed a proper certificate of compliance on January 27, 2020, and validly stated readiness for trial at that time (see CPL 30.30 [5]), we conclude that the second period of prereadiness delay amounted to 26 days (see e.g. Villamar, 69 Misc 3d at 848).
Consequently, the total amount of prereadiness delay chargeable to the People is 215 days. Even assuming, arguendo, that the People established that the 15-day period inclusive of February 21, 2019, through March 7, 2019, was chargeable to defendant on the ground that he waived his speedy trial rights pursuant to CPL 30.30 with respect to that period in exchange for which the People agreed to postpone their grand jury presentation in order to accommodate defendant's request to testify (see People v Waldron, 6 NY3d 463, 467-468 [2006]; People v Lewis, 177 AD3d 1351, 1352-1353 [4th Dept 2019], lv denied 34 NY3d 1130 [2020], reconsideration denied 35 NY3d 971 [2020]) and further that the 15-day period inclusive of January 1, 2020, through January 15, 2020, was excludable as a reasonable period of delay to comply with the new statutory equivalent of a demand to produce (see CPL 30.30 [4] [a]) or an exceptional circumstance arising from the change in the discovery requirements (see CPL 30.30 [4] [g]), we conclude that the total excludable time of 30 days would mean that the People were ready for trial at 185 days, several days beyond the 181 days allowable in this case (see CPL 30.30 [1] [a]; Session, 206 AD3d at 1680). The People thus violated defendant's statutory right to a speedy trial.
Based on the foregoing, we reverse the judgment in appeal No. 1, grant that part of defendant's motion seeking to dismiss the indictment pursuant to CPL 30.30, and dismiss the indictment (see People v Johnson, 174 AD3d 1510, 1512 [4th Dept 2019]; Harrison, 171 AD3d at 1484). In light of our determination in appeal No. 1, we do not address defendant's remaining contentions therein, and we dismiss as moot defendant's appeal from the order in appeal No. 2 (see People v Wilson, 5 NY3d 778, 779 n [2005]; People v Tucker, 139 AD3d 1399, 1401 [4th Dept 2016]; People v Dealmeida, 124 AD3d 1405, 1407 [4th Dept 2015]).
All concur except Ogden, J., who dissents and votes to modify in accordance with the following memorandum: I respectfully dissent from the majority's conclusion in appeal No. 1 that Supreme Court erred when it denied that part of defendant's January 27, 2020 motion seeking to dismiss the indictment. In my view, the statutory amendments to CPL 30.30 and article 245 should not be applied in a manner that renders illusory the People's readiness for trial or takes their case out of a postreadiness posture. Where a proceeding is "already pending," a newly enacted statute that effects a procedural change "is applicable . . . if directed to the litigation in future steps and stages . . . It is inapplicable, unless in exceptional conditions, where the effect is to reach backward, and nullify by relation the things already done" (Matter of Berkovitz v Arbib & Houlberg, Inc., 230 NY 261, 270 [1921]; see Simonson v International Bank, 14 NY2d 281, 289 [1964]). Consistent with Berkovitz, in cases in which the People had not yet announced their readiness for trial at the time the statutory amendments became effective, the People could not do so unless or until they complied with the new discovery obligations and the filing of a certificate of compliance (see CPL 30.30 [5]; 245.50 [1], [3]). Here, however, the People complied with their obligations to be ready for trial as required under the prior version of CPL 30.30 when they announced their trial readiness on March 14, 2019. Because this case was, therefore, in a postreadiness posture at that time, any new legislation affecting the People's readiness would have the effect of reaching backward. The effect of the majority's conclusion then, i.e., that the statutory amendments upon taking effect thereby took pending, trial-ready cases out of a postreadiness posture, rendering the People unready for trial, is to improperly nullify a "thing[] already done" (Berkovitz, 230 NY at 270).
In my view, the Court of Appeals' analysis in People v Galindo (38 NY3d 199 [2022]) applies and controls. I simply do not agree with the majority that, because the legislature included the language "[n]otwithstanding the provisions of any other law," the legislature intended to have the People revert to a state of unreadiness in cases such as the one before us (CPL 245.50 [3] [emphasis added]). The Court of Appeals has been very clear. "It is a fundamental canon of statutory construction that retroactive operation is not favored by courts and statutes will not be given such construction unless the language expressly or by necessary implication requires it" (Galindo, 38 NY3d at 207 [internal quotation marks omitted]; see Matter of Thomas v Bethlehem Steel Corp., 63 NY2d 150, 154 [1984]). To be sure, "[t]he primary consideration of courts in interpreting a statute is to ascertain and give effect to the intention of the [l]egislature" (Galindo, 38 NY3d at 203 [internal quotation marks omitted]), and I am not convinced that the legislature intended to have the statutory amendments applied retroactively to those cases where, as here, the People legally declared their readiness for trial prior to the effective date of those amendments.
I have considered defendant's remaining contentions in appeal No. 1 and conclude that, except with respect to defendant's sentence, they do not require reversal or modification of the judgment. With respect to defendant's sentence, although I reject defendant's contention that the sentence is unduly harsh and severe, I agree with defendant that the court erred in directing that the definite sentences imposed on counts 4 and 5 of the indictment, which were misdemeanor counts of endangering the welfare of a child, shall run consecutively to the remaining sentences (see Penal Law § 70.35). I would therefore modify the judgment by directing that the definite sentences imposed on counts 4 and 5 shall run concurrently with the remaining sentences, and otherwise affirm. Finally, I have considered defendant's contentions with respect to appeal No. 2 and, inasmuch as I conclude that they do not warrant reversal or modification of the order in that appeal, I would affirm that order.
Entered: May 5, 2023
Ann Dillon Flynn
Clerk of the Court