People v Long Is. Tree & Landscape Serv., Inc. (2023 NY Slip Op 50695(U))

[*1]

People v Long Is. Tree & Landscape Serv., Inc.

2023 NY Slip Op 50695(U)

Decided on June 29, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 29, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., JAMES P. McCORMACK, GRETCHEN WALSH, JJ

2021-36 N CR

The People of the State of New York, Respondent,
against
Long Island Tree and Landscape Service, Inc., Appellant. 

Ross & Associates (Christopher R. Ross of counsel), for appellant.
McLaughlin & Stern, LLP (Andrew J. Luskin of counsel), for respondent.

Appeal from a judgment of the Justice Court of the Village of Roslyn Estates, Nassau County (Seymour J. Reisman, J.), rendered April 27, 2020. The judgment convicted defendant, after a nonjury trial, of 16 counts of removal of trees without a permit in violation of Chapter 184, Article II, Section 184-10 (C) of the Code of the Village of Roslyn Estates, and imposed sentence. The appeal brings up for review an order of that court dated April 27, 2020 denying defendant's motion to dismiss the accusatory instrument on statutory speedy trial grounds.

ORDERED that the judgment of conviction is reversed, on the law, defendant's motion to dismiss the accusatory instrument is granted, the accusatory instrument is dismissed, and the fine, if paid, is remitted.
By appearance tickets and informations dated August 19, 2019, the building inspector for the Village of Roslyn Estates charged an individual, allegedly the owner of property within the village, with having violated Chapter 184, Article II, Section 184-10 (D) of the Code of the Village of Roslyn Estates by causing or allowing the removal, without a permit, of 16 trees at the premises, each having a circumference of 22 inches or more. The People then charged defendant, on November 27, 2019, with 16 counts of having violated Chapter 184, Article II, Section 184-10 (C) of the Code of the Village of Roslyn Estates by destroying or removing those 16 trees without a permit. On December 16, 2019, defendant moved for, among other things, an order dismissing the accusatory instrument on statutory speedy trial grounds, which motion was denied on January 9, 2020. The People filed a statement of readiness on January 15, 2020. On [*2]February 2, 2020, defendant sought additional discovery and, on February 4, 2020, the People provided such additional discovery. On February 7, 2020, defendant again moved to dismiss the accusatory instrument on statutory speedy trial grounds. The court did not rule on the motion at that time, and a nonjury trial ensued. By order dated April 27, 2020, the Justice Court, insofar as is relevant, summarily denied defendant's motion. In a judgment rendered April 27, 2020, defendant was convicted of the charge.
As defendant was charged with violations, defendant's motion to dismiss the accusatory instrument on statutory speedy trial grounds should have been granted if the People were chargeable with more than 30 days from the commencement of the action (see CPL 30.30 [1] [d]). Defendant's sole contention on appeal is that its statutory right to a speedy trial was violated.
To the extent defendant contends that its right to a speedy trial was violated because it was charged on August 19, 2019, such a contention lacks merit. Defendant was not named as a defendant and charged with violating the Code of the Village of Roslyn Estates until November 27, 2019 (see CPL 1.20 [1] [a]).
The 19 days from November 27, 2019 until defendant's December 16, 2019 motion are chargeable to the People. The period from December 16, 2019 to January 9, 2020, when the court ruled on defendant's motion, is excluded (see CPL 30.30 [4] [a]). Thereafter, the People are chargeable with the six days from January 9, 2020 to January 15, 2020, when the People filed a written certificate of compliance (CoC) and statement of readiness. While the People provided supplemental discovery, the People did not demonstrate, or even try to show, that they had previously exercised due diligence to obtain the supplemental material, or that such material did not exist or was not previously in the People's possession or control (see CPL 245.20 [1]). Nor did the People file a supplemental CoC as required by CPL 245.50 (1). In light of the foregoing, the January 15, 2020 CoC was illusory and, since the People did not file a supplemental CoC, the People are charged with additional days until the trial commenced on February 7, 2020. As the charges at issue in this case were violations, since the People were not ready for trial within 30 days of the commencement of the action (see CPL 30.30 [1] [d]), defendant's motion to dismiss the accusatory instrument on the ground that its statutory right to a speedy trial was violated should have been granted (see CPL 30.30 [5]; 245.50 [1], [3]; People v King, — AD3d &mdash, 2023 NY Slip Op 02409 [4th Dept 2023]; People v Brown, 214 AD3d 823 [2d Dept 2023]; cf. People v Robbins, 206 AD3d 1069 [3d Dept 2022]).
Accordingly, the judgment of conviction is reversed, defendant's motion to dismiss the accusatory instrument is granted, and the accusatory instrument is dismissed.
GARGUILO, P.J., McCORMACK and WALSH, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 29, 2023