People v Garcia (2023 NY Slip Op 51397(U))

[*1]

People v Garcia (Jose)

2023 NY Slip Op 51397(U)

Decided on December 14, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 14, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : ELIZABETH H. EMERSON, J.P., TIMOTHY S. DRISCOLL, GRETCHEN WALSH, JJ

2022-112 S CR

The People of the State of New York, Respondent,
against
Jose O. Argueta Garcia, Appellant. 

Suffolk County Legal Aid Society (Genevieve M. Cahill of counsel), for appellant.
Suffolk County District Attorney (Rosalind C. Gray and Marion Tang of counsel), for respondent.

Appeal from a judgment of the District Court of Suffolk County, First District (John Kelly, J.), rendered January 4, 2022. The judgment convicted defendant, upon his plea of guilty, of leaving the scene of an incident without reporting personal injury (Vehicle and Traffic Law § 600 [2] [a]), and imposed sentence. The appeal from the judgment of conviction brings up for review so much of an order of that court dated October 25, 2021 as denied the branch of defendant's motion seeking to dismiss the accusatory instrument on statutory speedy trial grounds.

ORDERED that the judgment of conviction is affirmed.
Insofar as is relevant to this appeal, after an incident that occurred on August 19, 2020, defendant was arrested and charged with leaving the scene of an incident without reporting property damage (Vehicle and Traffic Law § 600 [1] [a], a traffic infraction), aggravated unlicensed operation of a motor vehicle (Vehicle and Traffic Law § 511 [1] [a], an unclassified misdemeanor), unlicensed operation of a motor vehicle (Vehicle and Traffic Law § 509 [1], a traffic infraction), operating a motor vehicle without a safety belt (Vehicle and Traffic Law § 1229-c [3], a traffic infraction), and leaving the scene of an incident without reporting personal injury (Vehicle and Traffic Law § 600 [2] [a], a class B misdemeanor). Defendant was issued a desk appearance ticket, which instructed him to appear in court on September 8, 2020. Defendant failed to appear in court on that date and a bench warrant was issued for his arrest. 
After his arrest on November 19, 2020, defendant was arraigned on the charges on November 20, 2020. The District Court adjourned the matter to December 10, 2020 without consent by defendant. On December 10, 2020, the District Court adjourned the matter to January 21, 2021, and defendant waived speedy trial time. On January 21, 2021, defense counsel stated [*2]that the parties were negotiating a plea. The District Court adjourned the matter to February 3, 2021. On February 3, 2021, the People added a new charge of leaving the scene of an incident without reporting personal injury (Vehicle and Traffic Law § 600 [2] [a]), as a class A misdemeanor (see Vehicle and Traffic Law § 600 [2] [c]), and made a plea offer. When the District Court sought to adjourn the matter to March 5, 2021 for defense counsel to present the offer to defendant, defense counsel requested a longer adjournment date in order to put together a mitigation package. The District Court adjourned the matter to March 19, 2021. On March 19, 2021, defendant requested an adjournment and the District Court adjourned the matter to April 26, 2021. On April 15, 2021, the People filed an off-calendar statement of readiness (SoR) and certificate of compliance (CoC) that included a CPL 30.30 (5-a) certification of the facial sufficiency of the accusatory instrument. On April 26, 2021, the People stated that the matter had been certified and that a plea offer had been made. The matter was adjourned to May 7, 2021 for trial if a plea deal could not been reached, and defense counsel stated that he was not waiving speedy trial time. On May 7, 2021, the People announced their readiness for trial and defense counsel requested a conference date; the matter was adjourned to May 27, 2021, with defendant waiving speedy trial time. On May 27, 2021, the People announced their readiness for trial, and defense counsel requested that the matter be adjourned to make motions and the District Court adjourned the matter to June 28, 2021.
By notice of motion dated June 28, 2021, defendant moved, insofar as is relevant to this appeal, to dismiss the accusatory instrument on statutory speedy trial grounds (see CPL 30.30), alleging that the People were chargeable with 146 days of delay from the arraignment on November 20, 2020 to April 15, 2021, when the People certified that they were ready for trial with the requisite CPL 30.30 (5-a) certification. The People opposed the motion, arguing, among other things, that the period from December 10, 2020 to January 21, 2021 was excludable as defendant expressly waived his right to a speedy trial at the December 10th court appearance. The People further argued, among other things, that the periods from February 3 to March 19, 2021 and from March 19 to April 15, 2021 were excludable due to defendant's requests for adjournments on February 3rd and March 19th. By order dated October 25, 2021, the District Court (John Kelly, J.) denied defendant's motion, finding, in pertinent part, that, due to defendant's waiver of speedy trial time on December 10th and defendant's requests for adjournments on February 3rd and March 19th, the People's time was tolled. Based on its calculations, the District Court found only 31 days to be chargeable to the People, less than the 90 days allotted to the People to be ready for trial, where, as here, the top charge was a class A misdemeanor (see CPL 30.30 [1] [b]; Vehicle and Traffic Law § 600 [2] [a], [c]). On January 4, 2022, defendant pleaded guilty to one count of leaving the scene of an incident without reporting personal injury (Vehicle and Traffic Law § 600 [2] [a]), as a class A misdemeanor (see Vehicle and Traffic Law § 600 [2] [c]).
It is undisputed that the People were required to be ready for trial within 90 days of defendant's arraignment on November 20, 2020 and all parties agree that the 20 days from November 20 to December 10, 2020 were chargeable to the People as well as the 13 days from January 21 to February 3, 2021. Additionally, on appeal, defendant concedes that the 42 days from December 10, 2020 to January 21, 2021 are excludable, as defendant waived his speedy trial time at the December 10th court appearance.
On appeal, defendant contends that the District Court incorrectly found that two time periods were excludable because the defense had requested adjournments. Defendant asserts that the People should have been charged for the 44 days from February 3 to March 19, 2021, as well as the 27 days from March 19 to April 15, 2021, when the People filed a proper SoR and CoC. Defendant contends that there was no explicit waiver of speedy trial time at the February 3 and March 19 court appearances and defendant's participation in plea negotiations did not waive time either.
Upon a review of the record, we find that the time periods from February 3 to March 19, 2021 and from March 19 to April 15, 2021 were excludable pursuant to CPL 30.30 (4) (b) because, on February 3rd, when the District Court sought to adjourn the matter to March 5, defense counsel not only consented to that time, but requested a longer adjournment, and, on March 19th, defense counsel requested the adjournment (see People v Kopciowski, 68 NY2d 615, 617 [1986]; People v Robinson, 171 AD2d 475, 478 [1991]; see also People v Vazquez, 75 Misc 3d 49 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022]). Therefore, the total time chargeable to the People was only 33 days. Consequently, defendant's speedy trial motion was properly denied, as the People were chargeable with fewer than 90 days.
Accordingly, the judgment of conviction is affirmed.
EMERSON, J.P., DRISCOLL and WALSH, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 14, 2023