■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES SCHIANO, Appellant. [605 NYS2d 1012] —Judgment unanimously affirmed. Memorandum: Defendant contends that the court erred by refusing to give an expanded instruction on the defense of agency *(see,* 3 CJI[NY] PL 220, at 1753). We disagree. The charge properly conveyed the agency defense to the jury *(see, People v Vargas,* 135 AD2d 853) and, when read "as

a whole against the background of the evidence produced at the trial" *(People v Andujas,* 79 NY2d 113, 118), was adequate.

Defendant was not entitled to a missing witness charge because he failed to show that the witness was "knowledgeable about a material issue pending in the case" *(People v Gonzales,* 68 NY2d 424, 427). The record does not support defendant's contention that the witness would have testified in support of defendant's entrapment defense. Nor is there any merit to defendant's contention that the court erred in admitting the hearsay testimony of a codefendant. The People established a conspiracy between the codefendant and defendant without using the declaration sought to be introduced *(see, People v Sanders,* 56 NY2d 51). The statement, therefore, was a declaration of one coconspirator made in the course and furtherance of a conspiracy and was admissible against all other coconspirators as an exception to the hearsay rule *(see, People v Sanders, supra).*

Defendant has failed to preserve for appellate review his contention that the indictment was insufficient *(see,* CPL 470.05; *People v Kennedy,* 68 NY2d 569, 582). Were we to review the merits of that contention, we would conclude that there was sufficient proof of other overt acts in furtherance of the conspiracy and thus there was not even a reasonable probability that the jury's consideration of the January 18 telephone conversation as an overt act contributed to defendant's conviction *(see, People v Crimmins,* 36 NY2d 230). Finally, we have reviewed the contentions raised in defendant's supplemental *pro se* brief and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Onondaga County, Gorman, J.—Criminal Sale Controlled Substance, 1st Degree.) Present—Denman, P. J., Green, Balio, Boomer and Boehm, JJ.