THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN LEWIS, Appellant. [648 NYS2d 848] —Judgment unanimously affirmed. Memorandum: We reject the contention of defendant that his absence from the courtroom during the jury charge and announcement of the verdict deprived him of his constitutional right to be present at all material stages of trial. A defendant may waive the right to be present at trial, provided that he does so knowingly, voluntarily and intelligently (*see, People v Parker,* 57 NY2d 136, 140; *People v Epps,* 37 NY2d 343, 350, *cert denied* 423 US 999; *People v English,* 186 AD2d 1022, *lv denied* 81 NY2d 788). Here, despite being warned by Supreme Court on several occasions of the importance of his presence at trial, defendant unequivocally stated that he did not want to be present and that he wished to be excused. Further, defendant forfeited his right to be present because he continued to engage in disruptive behavior after he had been advised by the court that he would be excluded if he continued to engage in such conduct (*see, People v Byrnes,* 33 NY2d 343, 349-350; *People v Rios,* 213 AD2d 726, *lv denied* 86 NY2d 783; CPL 260.20).

Defendant was not entitled to a missing witness charge with respect to a person who was present in the store where the crime occurred because of his failure to establish that the witness was "knowledgeable about a material issue pending in the case" (*People v Gonzalez,* 68 NY2d 424, 427; *see, People v Schiano,* 198 AD2d 820, 821, *lv denied* 82 NY2d 930). Likewise, defendant was not entitled to a missing witness charge with respect to one of the victims of the crime because of his failure to establish that her testimony would not be cumulative (*see, People v Gonzalez, supra,* at 427). In any event, any error in the court's failure to give a missing witness charge is harmless; the evidence of defendant's guilt is overwhelming and there is no significant probability "that the jury would have acquitted the defendant had it not been for the error" (*People v Crimmins,* 36 NY2d 230, 242). Finally, the court did not abuse its discretion in sentencing defendant as a persistent felony offender (*see,* CPL 400.20; *People v Sailor,* 65 NY2d 224, 232, *cert denied* 474 US 982; *People v Catten,* 214 AD2d 463, 464, *lv denied* 86 NY2d 792). (Appeal from Judgment of Supreme

Court, Monroe County, Bergin, J.—Robbery, 1st Degree.) Present—Green, J. P., Pine, Wesley, Davis and Boehm, JJ.