■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL WHITE, Appellant. [695 NYS2d 795-] —Judgment unanimously affirmed. Memorandum: County Court properly denied defendant's request for a missing witness charge with respect to a confidential informant who accompanied an undercover officer while he executed a controlled buy of illegal drugs from defendant. Although defendant met his initial burden of establishing that the informant was knowledgeable about defendant's identity and would be expected to testify favorably

for the People (*see, People v Gonzalez,* 68 NY2d 424, 427-428), the People established that the informant's testimony would be cumulative (*see, People v Lewis,* 231 AD2d 919, *lv denied* 89 NY2d 1096; *People v Solis,* 173 AD2d 1089, 1091, *lv denied* 78 NY2d 974, 1081). The controlled buy was observed by another officer who knew defendant, and both officers identified defendant at trial. In any event, any error in the court's failure to give a missing witness charge is harmless. "[T]he evidence of defendant's guilt is overwhelming and there is no significant probability 'that the jury would have acquitted the defendant had it not been for the error' (*People v Crimmins,* 36 NY2d 230, 242)" (*People v Lewis, supra,* at 919). (Appeal from Judgment of Ontario County Court, Henry, Jr., J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Pine, J. P., Wisner, Hurlbutt, Scudder and Callahan, JJ.