■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD BOWEN, Appellant. [875 NYS2d 393]—

Appeal from a judgment of the Cattaraugus County Court (Larry M. Himelein, J.), rendered September 4, 2007. The judgment convicted defendant, upon a jury verdict, of burglary in the third degree (two counts), grand larceny in the fourth degree, and petit larceny.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by reversing that part convicting defendant of grand larceny in the fourth degree and dismissing count four of the indictment and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of grand larceny in the fourth degree (Penal Law § 155.30 [1]) as a lesser included offense of grand larceny in the third degree (§ 155.35), petit larceny (§ 155.25), and two counts of burglary in the third degree (§ 140.20). We

reject the contention of defendant that he was denied a fair trial by prosecutorial misconduct. The record establishes that County Court issued prompt curative instructions that were sufficient to alleviate any prejudice to defendant arising from any misconduct (*see People v Murry*, 24 AD3d 1319, 1320 [2005], *lv denied* 6 NY3d 815 [2006]). Contrary to defendant's further contention, the testimony of the witnesses did not render the indictment duplicitous inasmuch as that testimony did not "tend[ ] to establish the commission of multiple criminal acts during [the time periods] specified in the indictment" (*People v Bracewell*, 34 AD3d 1197, 1198 [2006]).

We agree with defendant, however, that the court should have granted his request pursuant to CPL 30.30 seeking to dismiss the count of the indictment charging him with grand larceny in the third degree, and we therefore modify the judgment accordingly. For purposes of the statutory right to a speedy trial, the six-month readiness period begins to run when an action in which defendant is accused of "one or more offenses, at least one of which is a felony," is commenced (CPL 30.30 [1] [a]). Here, the action was commenced by the filing of a felony complaint approximately eight months prior to the indictment. The felony complaint charged defendant with one count of burglary in the third degree but did not charge him with grand larceny in the third degree. Although the count charging defendant with burglary in the third degree was dismissed based on the People's noncompliance with CPL 30.30, we conclude that the crimes charged in both the felony complaint and the indictment "were based upon . . . acts 'so closely related and connected in point of time and circumstance of commission as to constitute a single criminal incident' " (*People v Stone*, 265 AD2d 891, 892 [1999], *lv denied* 94 NY2d 907 [2000]). Thus, defendant also was entitled to dismissal of the count charging him with grand larceny in the third degree. We reject defendant's contention, however, that the dismissal of that count warrants a new trial on the remaining counts of which defendant was convicted. The evidence against defendant with respect to those remaining counts is overwhelming, and there is no significant probability that the jury would have acquitted defendant of those counts in the absence of the evidence presented concerning the grand larceny count (*see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]).

Finally, the sentence is not unduly harsh or severe. Present—Scudder, P.J., Hurlbutt, Peradotto and Gorski, JJ.