# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

555

KA 07-02085

PRESENT: SCUDDER, P.J., CENTRA, CARNI, SCONIERS, AND GREEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

MAURICE A. HAWKINS, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (JOSEPH D. WALDORF OF COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Monroe County (Joseph D. Valentino, J.), rendered August 24, 2007. The judgment convicted defendant, upon a jury verdict, of attempted murder in the second degree, assault in the first degree, and burglary in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), assault in the first degree (§ 120.10 [1]), and burglary in the first degree (§ 140.30 [1], [2], [4]), defendant contends that Supreme Court abused its discretion in denying his request for a missing witness charge. We reject that contention (*see People v Savinon*, 100 NY2d 192, 197). Even assuming, arguendo, defendant met his initial burden in support of his request for that charge by showing, inter alia, that the potential witness would be knowledgeable concerning a material issue at trial and would be expected to provide testimony that would be favorable to the People (*see People v Gonzalez*, 68 NY2d 424, 427-428), we conclude that the People met their burden of establishing "that the charge would not be appropriate" (*id.* at 428). The prosecutor established that the missing witness would have provided certain testimony that was cumulative to that of other witnesses (*see People v White*, 265 AD2d 843, 843-844, *lv denied* 94 NY2d 868), and that the witness otherwise would not be expected to provide testimony that was favorable to the People's case (*see People v Wilson*, 256 AD2d 637, 638, *lv denied* 93 NY2d 880; *People v Congilaro*, 159 AD2d 964, 965, *lv denied* 76 NY2d 786).

Entered: May 6, 2011                                    Patricia L. Morgan
                                                        Clerk of the Court