# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1219**
**KA 07-02489**
PRESENT: CENTRA, J.P., PERADOTTO, SCONIERS, VALENTINO, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                                MEMORANDUM AND ORDER

JESSICA L. SANTIAGO, DEFENDANT-APPELLANT.

---

EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER (BRIAN SHIFFRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NICOLE M. FANTIGROSSI OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered October 3, 2007.  The judgment convicted defendant, upon a jury verdict, of murder in the second degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reducing the conviction of murder in the second degree under the first count of the indictment (Penal Law § 125.25 [2]) to manslaughter in the second degree (§ 125.15 [1]) and vacating the sentence imposed on that count, and by reversing that part convicting defendant of murder in the second degree under the second count of the indictment (§ 125.25 [4]) and dismissing that count and as modified the judgment is affirmed, and the matter is remitted to Monroe County Court for sentencing on the conviction of manslaughter in the second degree.

Memorandum:  On appeal from a judgment convicting her upon a jury verdict of two counts of murder in the second degree (Penal Law § 125.25 [2], [4] [depraved indifference, depraved indifference with victim less than 11 years old, respectively]), defendant contends that the conviction is not supported by legally sufficient evidence.  We note at the outset that defendant does not on appeal dispute that the evidence is legally sufficient to establish that she acted recklessly, but instead contends that the evidence is legally insufficient to establish that she acted with depraved indifference to human life.  We agree. Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), we conclude that the evidence is legally insufficient to prove beyond a reasonable doubt that defendant "acted with the culpable mental state of depraved indifference" (*People v Swinton*, 7 NY3d 776, 777, *rearg denied* 7 NY3d 864).  The evidence established that defendant, at around 4:00 p.m., suffocated her almost two-year-old son who was crying by placing a comforter over his face and then leaving the room after he "passed out."  Defendant did not return

to her son's room until late the next morning, which was almost 19 hours later.  At trial, the People proceeded on the theory that defendant acted with depraved indifference in that she "abandon[ed] a helpless and vulnerable victim in circumstances where the victim is highly likely to die" (*People v Suarez*, 6 NY3d 202, 212).  We conclude, however, that the evidence is legally insufficient to establish that defendant's actions "r[o]se to the level of 'wickedness, evil or inhumanity' so 'as to render the actor as culpable as one whose conscious objective is to kill' " (*People v Matos*, 19 NY3d 470, 476, quoting *Suarez*, 6 NY3d at 214).  We therefore modify the judgment by reducing the conviction of murder in the second degree under the first count of the indictment (§ 125.25 [2]) to manslaughter in the second degree (§ 125.15 [1]) and vacating the sentence imposed on that count (*see* CPL 470.15 [2] [a]), and we remit the matter to County Court for sentencing on the conviction of manslaughter in the second degree (*see* CPL 470.20 [4]).  We further modify the judgment by reversing that part convicting defendant of murder in the second degree under the second count of the indictment (Penal Law § 125.25 [4]).  We dismiss that count of the indictment rather than reducing it, however, inasmuch as manslaughter in the second degree is not a lesser included offense of that count (*see People v Robinson*, 278 AD2d 798, 798, *lv denied* 96 NY2d 762).  In light of our determination that the evidence is legally insufficient, we do not address defendant's contention that the verdict is against the weight of the evidence, which is also based on her contention that she did not act with depraved indifference.

In addition, defendant contends that she was denied a fair trial by prosecutorial misconduct on summation.  The vast majority of the alleged improprieties are unpreserved for our review because defendant either failed to object to them or she raised only general objections (*see* CPL 470.05 [2]; *People v Brown*, 94 AD3d 1461, 1462, *lv denied* 19 NY3d 995).  In any event, we conclude that defendant's contention is without merit.  Many of the comments were " 'either a fair response to defense counsel's summation or fair comment on the evidence' " (*People v Green*, 60 AD3d 1320, 1322, *lv denied* 12 NY3d 915).  Although we agree with defendant that the prosecutor improperly characterized certain testimony of the Medical Examiner, we conclude that the court's curative instruction alleviated any prejudice (*see People v Bowen*, 60 AD3d 1319, 1320, *lv denied* 12 NY3d 913).  Moreover, while there was no basis for the prosecutor to suggest that defendant must have smelled the body decomposing in her home, that comment was not so egregious as to deprive defendant of a fair trial (*see People v Gutierrez*, 96 AD3d 1455, 1456, *lv denied* 19 NY3d 997; *People v Szyzskowski*, 89 AD3d 1501, 1503).  We reject defendant's further contention that she received ineffective assistance of counsel based on defense counsel's failure to object to the allegedly improper comments made by the prosecutor (*see People v Lyon*, 77 AD3d 1338, 1339, *lv denied* 15 NY3d 954; *cf. People v Fisher*, 18 NY3d 964, 966-967).

We reject defendant's contention that the court erred in denying her request for a missing witness charge.  Two police investigators were in the interview room when defendant gave a written statement, and one of those investigators testified at trial and read defendant's statement into evidence.  The testimony of the other investigator, who was not

called to testify, would have been cumulative, and thus a missing witness charge was inappropriate (*see People v Hawkins*, 84 AD3d 1736, 1737, *lv denied* 17 NY3d 806; *People v Duda*, 45 AD3d 1464, 1466, *lv denied* 10 NY3d 764; *see also People v Buckler*, 39 NY2d 895, 897; *see generally People v Gonzalez*, 68 NY2d 424, 427-428).  Defendant's contention that the court failed to provide a meaningful response to the jury's request for clarification of a certain jury instruction is not preserved for our review (*see People v Swail*, 19 AD3d 1013, 1013, *lv denied* 6 NY3d 759, *reconsideration denied* 6 NY3d 853).  In any event, her contention is without merit.  Under the circumstances of this case, the court's rereading of the instruction constituted a meaningful response (*see* CPL 310.30; *People v Santi*, 3 NY3d 234, 248).

Entered:  December 28, 2012                    Frances E. Cafarell
                                               Clerk of the Court