People v Elmore (2022 NY Slip Op 07345)

People v Elmore

2022 NY Slip Op 07345

Decided on December 23, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, WINSLOW, AND MONTOUR, JJ.

799 KA 20-01314

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TREAMON ELMORE, DEFENDANT-APPELLANT. 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Onondaga County (Gordon J. Cuffy, A.J.), rendered September 9, 2020. The judgment convicted defendant upon a jury verdict of murder in the first degree (two counts), conspiracy in the third degree, criminal possession of a weapon in the second degree and criminal possession of a firearm. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of murder in the first degree (Penal Law § 125.27 [1] [a] [vii]; [b]) and one count each of conspiracy in the third degree (§ 105.13), criminal possession of a weapon in the second degree (§ 265.03 [3]), and criminal possession of a firearm
(§ 265.01-b [1]).
Initially, we agree with defendant that the procedures outlined in CPL article 245 became applicable to this action as soon as that article became effective in January 2020. In 2019, the Governor signed into law a bill repealing CPL former article 240 and replacing it with CPL article 245, effective January 1, 2020 (see L 2019, ch 59, part LLL, §§ 1, 2, 14). Where an action is "already pending," a newly enacted statute that effects a procedural change "is applicable even then if directed to the litigation in future steps and stages . . . It is inapplicable, unless in exceptional conditions, where the effect is to reach backward, and nullify by relation the things already done" (Matter of Berkovitz v Arbib & Houlberg, Inc., 230 NY 261, 270 [1921]; see Simonson v International Bank, 14 NY2d 281, 289 [1964]). Thus, "procedural changes are, in the absence of words of exclusion, deemed applicable to subsequent proceedings in pending actions" (Simonson, 14 NY2d at 289 [internal quotation marks omitted]; see People v Robbins, 206 AD3d 1069, 1071 [3d Dept 2022], lv denied 39 NY3d 942 [2022]; People v Hewitt, 201 AD3d 1041, 1042-1043 [3d Dept 2022], lv denied 38 NY3d 928 [2022]).
We nevertheless reject defendant's contention that the People violated CPL article 245 by failing to provide defendant with the criminal history of his brother, an alleged accomplice who testified for the People at trial pursuant to a plea agreement, until trial had already commenced. As relevant here, the automatic discovery provisions of CPL article 245 require that the People provide the defense with "[a] complete record of judgments of conviction for . . . all persons designated as potential prosecution witnesses" (CPL 245.20 [1] [p]), as well as, "[w]hen it is known to the prosecution, the existence of any pending criminal action against all persons designated as potential prosecution witnesses" (CPL 245.20 [1] [q]). Each of the two instances of prior criminal conduct allegedly committed by defendant's brother, who was only 13 years old at the time the instant offenses were committed, would have been subject to the jurisdiction of Family Court, rather than the criminal courts (see Family Ct Act § 301.2 [1]; CPL 1.20 [42]); consequently, any adjudication could not "be denominated a conviction" and defendant's brother could not be "denominated a criminal by reason of such adjudication" (Family Ct Act § 380.1 [*2][1]). Thus, the People were not required to disclose that information pursuant to CPL 245.20 (1) (p) or (q).
To the extent that defendant contends that the prosecution's failure to provide a certificate of compliance in accordance with CPL 245.50 (former [1]) hampered his ability to present a defense, defendant failed to demonstrate that he was prejudiced by the lack of a certificate. He did not identify any evidence or information that he had not received or that he had received too late to use effectively. Thus, Supreme Court did not abuse its discretion in determining that no sanction was required (see generally People v Jenkins, 98 NY2d 280, 284 [2002]; People v Sweet, 200 AD3d 1315, 1319-1320 [3d Dept 2021], lv denied 38 NY3d 930 [2022]). Defendant's related contention that the court should have dismissed the case because the People, having failed to file a certificate of compliance, could not be ready for trial pursuant to CPL 30.30 is unpreserved for our review inasmuch as he did not move, in writing, for dismissal on that ground (see CPL 210.20 [1] [g]; 210.45 [1]; 470.05 [2]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Defendant further contends that the court erred in denying his request that the indictment be dismissed, or that other sanctions be imposed, on the ground that unauthorized audio recordings were made of the grand jury proceeding. Initially, defendant did not ask for any sanction other than dismissal and, therefore, his contention with respect to sanctions other than dismissal of the indictment is unpreserved (see CPL 470.05 [2]; People v Manigualt, 125 AD3d 1480, 1480 [4th Dept 2015], lv denied 25 NY3d 1074 [2015]; People v Pena, 259 AD2d 350, 350 [2d Dept 1999], lv denied 93 NY2d 1005 [1999]). We reject defendant's contention that the court erred in denying his request that the indictment be dismissed. A defendant may move to dismiss an indictment pursuant to CPL 210.20 on the ground that the "grand jury proceeding was defective, within the meaning of section 210.35" (CPL 210.20 [1] [c]). Of the five bases for dismissal in CPL 210.35, the only one that could apply here is the final basis, which provides that a grand jury proceeding is defective under CPL 210.20 when "[t]he proceeding otherwise fails to conform to the requirements of [CPL article 190] to such degree that the integrity thereof is impaired and prejudice to the defendant may result" (CPL 210.35 [5]). The "demanding test" for invoking that provision "is met only where the prosecutor engages in an 'over-all pattern of bias and misconduct' that is 'pervasive' and typically willful, whereas isolated instances of misconduct, including the erroneous handling of evidentiary matters, do not merit invalidation of the indictment" (People v Thompson, 22 NY3d 687, 699 [2014], rearg denied 23 NY3d 948 [2014], quoting People v Huston, 88 NY2d 400, 408 [1996]). Here, there was no misconduct by the prosecutors. Unbeknownst to the grand jury stenographers, their new machines automatically recorded audio files in addition to the stenographer's shorthand. It was discovered by happenstance when the prosecution inquired of a stenographer in this case about a possible inaccuracy in the transcript. There was no evidence that the recordings were intentionally created or concealed, and the prosecution disclosed them immediately and without prompting. Thus, defendant did not meet the "demanding test" for establishing that the integrity of the grand jury proceeding was impaired by the inadvertent recordings (id.).
Defendant further contends that the court erred in denying his request for a missing witness charge. We reject that contention. Even assuming, arguendo, that defendant met his initial burden with respect to his request (see People v Hawkins, 84 AD3d 1736, 1737 [4th Dept 2011], lv denied 17 NY3d 806 [2011]), we conclude that the prosecution established that the testimony of the witness in question would have been cumulative (see People v Ortiz, 83 NY2d 989, 990 [1994]; People v White, 265 AD2d 843, 843-844 [4th Dept 1999], lv denied 94 NY2d 868 [1999]).
We further conclude that the court did not err in permitting a police detective to testify regarding certain software that he used to analyze cell phone location data. Here, the detective testified that he obtained data from cell phone companies, which he then inputted into the software to create a report. Contrary to defendant's contention, the detective testified to factual matters within his knowledge and did not provide an expert opinion (see People v Carducci, 143 AD3d 1260, 1261 [4th Dept 2016], lv denied 28 NY3d 1143 [2017]; cf. People v Ortiz, 168 AD3d 482, 483 [1st Dept 2019], lv denied 33 NY3d 979 [2019]; see also People v Box, 181 AD3d 1238, 1242 [4th Dept 2020], lv denied 35 NY3d 1025 [2020], cert denied — US &mdash, 141 S Ct 1099 [2021]).
Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant's sentence is not unduly harsh or severe. We have reviewed defendant's remaining contentions and conclude that they do not warrant modification or reversal of the judgment.
Entered: December 23, 2022
Ann Dillon Flynn
Clerk of the Court