People v Brown (2023 NY Slip Op 06622)

People v Brown

2023 NY Slip Op 06622

Decided on December 22, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, GREENWOOD, NOWAK, AND DELCONTE, JJ.

816 KA 21-01445

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JIMA BROWN, DEFENDANT-APPELLANT. 

CERIO LAW OFFICES, PLLC, SYRACUSE, FRANK H. HISCOCK LEGAL AID SOCIETY (NATHANIEL V. RILEY OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Gordon J. Cuffy, A.J.), rendered September 22, 2021. The judgment convicted defendant upon a jury verdict of rape in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of rape in the first degree (Penal Law § 130.35 [1]). Defendant contends that the People's original certificate of compliance, filed in January 2020, was illusory because the People had not disclosed disciplinary records for each law enforcement official the People intended to call as a trial witness, and County Court therefore should have granted his motion seeking to vacate that certificate of compliance. We reject that contention. CPL article 245 requires the People to automatically disclose to defendant "all items and information that relate to the subject matter of the case" that are in the People's "possession, custody or control" (CPL 245.20 [1]; see People v Johnson, 218 AD3d 1347, 1350 [4th Dept 2023]). That includes evidence that tends to "impeach the credibility of a testifying prosecution witness" (CPL 245.20 [1] [k] [iv]). At the time the People filed their original certificate of compliance, the disciplinary records of the law enforcement officials were shielded from disclosure by former Civil Rights Law § 50-a (see generally Matter of New York Civ. Liberties Union v New York City Police Dept., 32 NY3d 556, 563-566 [2018]). To the extent that certain disciplinary records were disclosed by the People after the repeal of former Civil Rights Law § 50-a, such disclosures did not render the original certificate of compliance illusory. Contrary to defendant's further contention, we conclude that the supplemental certificate of compliance filed in June 2021, after the repeal of former Civil Rights Law § 50-a, did not invalidate the original certificate of compliance inasmuch as defendant failed to establish a lack of good faith or due diligence by the prosecution (see CPL 245.50 [1], [1-a]).
Defendant failed to preserve for our review his contention that he was denied a fair trial when portions of a video were shown to the jury depicting him in handcuffs and shackles during police interrogation (see generally People v Bradford, 40 NY3d 938, 939 [2023], rearg denied 40 NY3d 974 [2023]; People v German, 145 AD3d 1550, 1551 [4th Dept 2016], lv denied 28 NY3d 1184 [2017]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
We further conclude that, viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
The sentence is not unduly harsh or severe. We have considered defendant's remaining contentions and conclude that none warrants reversal or modification of the judgment.
Entered: December 22, 2023
Ann Dillon Flynn
Clerk of the Court