People v Bermudez (2024 NY Slip Op 00726)

People v Bermudez

2024 NY Slip Op 00726

Decided on February 9, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 9, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, BANNISTER, GREENWOOD, AND NOWAK, JJ.

1055 KA 20-00430

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOSUE BERMUDEZ, ALSO KNOWN AS SWIZZLE, DEFENDANT-APPELLANT.

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MINDY F. VANLEUVAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered February 28, 2020. The judgment convicted defendant, upon a nonjury verdict, of murder in the second degree, attempted murder in the second degree (two counts) and criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, following a bench trial, of one count of murder in the second degree (Penal Law § 125.25 [1]), two counts of attempted murder in the second degree (§§ 110.00, 125.25 [1]), and one count of criminal possession of a weapon in the second degree (§ 265.03 [3]).
We reject defendant's contention that his conviction is not supported by legally sufficient evidence. Viewing the facts "in a light most favorable to the People," we conclude that "there is a valid line of reasoning and permissible inferences from which a rational [factfinder] could have found the elements of the crime[s] proved beyond a reasonable doubt" (People v Danielson, 9 NY3d 342, 349 [2007] [internal quotation marks omitted]). Contrary to defendant's further contention, we conclude that, viewing the evidence in light of the elements of the crimes in this nonjury trial (see id.), the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]; People v Arnold, 107 AD3d 1526, 1528 [4th Dept 2013], lv denied 22 NY3d 953 [2013]).
We also reject defendant's contention that Supreme Court impermissibly allowed lay witnesses to testify regarding his cell phone data. Contrary to defendant's contention, the witnesses in question testified to factual matters within their knowledge and did not impermissibly draw inferences or conclusions that would require expert testimony (see People v Elmore, 211 AD3d 1536, 1539-1540 [4th Dept 2022]).
Contrary to defendant's further contention, his sentence is not unduly harsh or severe.
Entered: February 9, 2024
Ann Dillon Flynn
Clerk of the Court