People v Kham Khiamdavanh (2025 NY Slip Op 00590)

People v Kham Khiamdavanh

2025 NY Slip Op 00590

Decided on January 31, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, GREENWOOD, NOWAK, AND KEANE, JJ.

924 KA 22-01110

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KHAM KHIAMDAVANH, DEFENDANT-APPELLANT. 

CHRISTOPHER JUDE PELLI, UTICA, FOR DEFENDANT-APPELLANT. 
TODD C. CARVILLE, DISTRICT ATTORNEY, UTICA (MICHAEL A. LABELLA OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Oneida County Court (Robert Bauer, J.), rendered December 15, 2021. The judgment convicted defendant upon a jury verdict of attempted murder in the second degree, assault in the first degree and criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), assault in the first degree (§ 120.10 [1]), and criminal possession of a weapon in the second degree (§ 265.03 [3]), stemming from a road rage incident where defendant shot and severely injured the victim. We affirm.
Contrary to defendant's contention, County Court did not abuse its discretion in refusing to give a missing witness charge with respect to one of the three men other than defendant who were involved in the underlying incident. A missing witness instruction is appropriate where the witness in question has knowledge material to the trial, would be expected to give noncumulative testimony favorable to the party against whom the charge is sought, and is available to that party (see People v Smith, 33 NY3d 454, 458 [2019]; People v Gonzalez, 68 NY2d 424, 427-428 [1986]). Although defendant met his initial burden with respect to his request (see Smith, 33 NY3d at 458-459; People v Kitching, 78 NY2d 532, 536-537 [1991]; see also People v Elmore, 211 AD3d 1536, 1539 [4th Dept 2022], lv denied 42 NY3d 938 [2024]), we conclude that the prosecution established that the testimony of the witness in question would have been cumulative (see Elmore, 211 AD3d at 1539; cf. People v Garcia, 192 AD3d 1463, 1465-1466 [4th Dept 2021]; see generally Smith, 33 NY3d at 460-461). Further, we conclude that, the People having met their burden with respect to cumulativeness, defendant did not meet his "ultimate burden to show that the [missing witness] charge would be appropriate"—i.e., by demonstrating that the witness's testimony would, in fact, be noncumulative (Smith, 33 NY3d at 459).
Defendant failed to preserve for our review his challenge to the court's use of the initial aggressor exception as part of its justification charge (see CPL 470.05 [2]; People v Ford, 114 AD3d 1221, 1221 [4th Dept 2014], lv denied 23 NY3d 962 [2014]; People v Johnson, 103 AD3d 1226, 1226 [4th Dept 2013], lv denied 21 NY3d 944 [2013]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Defendant further contends that the verdict is against the weight of the evidence with respect to his conviction of attempted murder in the second degree and assault in the first degree inasmuch as the People did not disprove the defense of justification beyond a reasonable doubt. Viewing the evidence in light of the elements of those crimes and the defense of justification as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject that contention [*2](see generally People v Bleakley, 69 NY2d 490, 495 [1987]). The jury could reasonably have found based on the testimony of the People's witnesses, inter alia, that none of the men allegedly approaching defendant at the relevant time were using or attempting to use deadly physical force when defendant shot the victim (see People v St. John, 215 AD3d 1267, 1268 [4th Dept 2023], lv denied 40 NY3d 999 [2023]; see generally Penal Law § 35.15 [2] [a]). Further, defendant's testimony, to the extent it establishes that he believed that one or more of the men may have been reaching for a weapon, merely "presented a credibility issue for the [jury] to resolve" (People v Perkins, 160 AD3d 1455, 1456 [4th Dept 2018], lv denied 31 NY3d 1151 [2018] [internal quotation marks omitted]), and the jury, "as the finder of fact, was entitled to discredit the testimony of defendant that [one of the men approaching his car] was the initial aggressor" (id. [internal quotation marks omitted]). Ultimately, we conclude that the jury "was in the best position to assess the credibility of the witnesses and, on this record, it cannot be said that the [jury] failed to give the evidence the weight it should be accorded" (id. at 1457 [internal quotation marks omitted]; see People v Gritzke, 292 AD2d 805, 805-806 [4th Dept 2002], lv denied 98 NY2d 697 [2002]).
Entered: January 31, 2025
Ann Dillon Flynn
Clerk of the Court