People v Burrows (2025 NY Slip Op 02436)

People v Burrows

2025 NY Slip Op 02436

Decided on April 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, GREENWOOD, DELCONTE, AND KEANE, JJ.

48 KA 22-00731

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MARKEEM BURROWS, DEFENDANT-APPELLANT. 

JULIE CIANCA, DISTRICT ATTORNEY, ROCHESTER (TONYA PLANK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (AMY N. WALENDZIAK OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered December 22, 2021. The judgment convicted defendant upon a jury verdict of criminal possession of a weapon in the second degree and menacing in the second degree. 
It is hereby ORDERED that the judgment so appealed from is affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and menacing in the second degree (§ 120.14 [1]), defendant contends that Supreme Court erred in denying his CPL 30.30 motion because the People's certificate of compliance (COC) was improper. Defendant identifies three items of discovery that he contends the People failed to turn over in a timely manner. Initially, we disagree with the People that defendant's contention is partially unpreserved for our review. Defendant supplemented his CPL 30.30 motion with additional arguments raised in an email to the People and the court, and all of the items were discussed during motion argument (see People v Allard, 28 NY3d 41, 46 [2016]). We conclude, however, that defendant's contention is without merit.
First, with respect to defendant's claim that the People failed to turn over a disciplinary record of a police officer, we note that when the People filed their original and supplemental COC, which was shortly after the enactment of CPL article 245, the disciplinary records of law enforcement officers were shielded from disclosure by former Civil Rights Law § 50-a (see People v Brown, 222 AD3d 1362, 1363 [4th Dept 2023], lv denied 41 NY3d 982 [2024], cert denied — US &mdash, 145 S Ct 308 [2024]). The fact that the disciplinary record was disclosed by the People after the repeal of former Civil Rights Law § 50-a "did not render the original certificate of compliance illusory" (id.). Moreover, the disciplinary record related to an incident in which the officer rear-ended someone in traffic and was written up for not operating his vehicle in a safe manner, and we conclude that the information did not "relate to the subject matter of the case" (CPL 245.20 [1]) inasmuch as it was not material that tends to "impeach the credibility of a testifying prosecution witness" (CPL 245.20 [1] [k] [iv]; see People v James, 229 AD3d 1008, 1011 [3d Dept 2024]; see generally People v Smith, 27 NY3d 652, 660 [2016]).
Second, with respect to defendant's claim that the People failed to turn over impeachment materials for a witness, the item in question was the revocation of a witness's pistol permit stemming from a matter before Family Court. The People's duty to disclose impeachment materials of a testifying witness extends only to information within the People's custody, possession, or control (see CPL 245.20 [1]; People v Garrett, 23 NY3d 878, 886 [2014], rearg denied 25 NY3d 1215 [2015]), and the record demonstrates that the People did not have custody, possession, or control of any material relevant to the pistol permit revocation (see generally People v Elmore, 211 AD3d 1536, 1537-1538 [4th Dept 2022], lv denied 42 NY3d 938 [2024]).
Third, with respect to defendant's claim that the People failed to turn over the names and contact information of several witnesses who were depicted on surveillance footage inside the convenience store when defendant was arrested, CPL 245.20 (1) (c) provides in relevant part that the People are required to disclose "[t]he names and adequate contact information for all persons other than law enforcement personnel whom the prosecutor knows to have evidence or information relevant to any offense charged or to any potential defense thereto." The People are not, however, required "to ascertain the existence of witnesses not known to the police or another law enforcement agency" (CPL 245.20 [2]). The record shows that the People did not know or have in their possession the names of those witnesses with the exception of one witness whose name they learned just prior to the scheduled trial. The court thus properly determined that the People exercised due diligence and made reasonable efforts to ascertain the existence of the discovery materials (see generally People v Bay, 41 NY3d 200, 211 [2023]).
Finally, we reject defendant's contention that the sentence is unduly harsh and severe.
All concur except Whalen, P.J., who concurs in the result in the following memorandum: I concur in the determination to affirm in this case, but I respectfully disagree with the majority's conclusion that the People had no obligation to make reasonable inquiries to ascertain the names and contact information of several witnesses who were depicted on surveillance footage inside the convenience store when defendant was arrested. Although the People are not required to "ascertain the existence of witnesses" not known to law enforcement (CPL 245.20 [2] [emphasis added]), here the record establishes that, at the time their discovery obligation under CPL article 245 arose, the People possessed knowledge that several of the witnesses depicted on the surveillance footage had "evidence or information relevant to any offense charged" (CPL 245.20 [1] [c]). Specifically, the People possessed the statements of the store owner and the victim, as well as the police report from the arresting officer, each of which reflects that just prior to defendant's arrest, the depicted store employees tackled defendant to the ground, locked the door, and waited for police to arrive. Inasmuch as there is no plausible argument that the store employees who held defendant down after an attempted robbery did not "have evidence or information relevant to any offense charged" (id.), the People were obligated to "make a diligent, good faith effort to ascertain" (CPL 245.20 [2]) the "names and adequate contact information for [those] persons" (CPL 245.20 [1] [c]). In my opinion, the majority, in concluding otherwise, is conflating the statutory requirement that the People possess knowledge of the "existence of witnesses" (CPL 245.20 [2] [emphasis added]) with knowledge of the names of witnesses.
I nonetheless agree with the majority that Supreme Court properly concluded that the People's certificate of compliance (COC) was not illusory and that the court thus properly denied defendant's CPL 30.30 motion. CPL article 245 "does not require or anticipate a 'perfect prosecutor' " (People v Bay, 41 NY3d 200, 212 [2023]). Under the circumstances of this case and applying "a holistic assessment of the People's efforts to comply with the automatic discovery provisions, rather than a strict item-by-item test that would require us to conclude that a COC is improper if the People miss even one item of discovery," I conclude that the court did not err in denying defendant's motion inasmuch as the People exercised due diligence and made reasonable efforts sufficient to satisfy their obligations under CPL article 245 (People v Cooperman, 225 AD3d 1216, 1220 [4th Dept 2024]; see Bay, 41 NY3d at 212-213).
Entered: April 25, 2025
Ann Dillon Flynn
Clerk of the Court