People v Sombillo (2025 NY Slip Op 06873)

People v Sombillo

2025 NY Slip Op 06873

Decided on December 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2024-03425
2024-03438

[*1]The People of the State of New York, respondent,
v
Socrates Sombillo, appellant. (Ind. Nos. 72665/22, 73951/22)

Randall D. Unger, Kew Gardens, NY, for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, William H. Branigan, and Lucy E. Pannes of counsel), for respondent.

DECISION & ORDER
Appeals by the defendant from two judgments of the Supreme Court, Queens County (Stephen A. Knopf, J.), both rendered April 16, 2024, convicting him of criminal possession of a controlled substance in the seventh degree under Indictment No. 72665/22, and unlawful possession of personal identification information in the third degree under Indictment No. 73951/22, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgments are affirmed.
The defendant entered pleas of guilty to criminal possession of a controlled substance in the seventh degree under Indictment No. 72665/22, and unlawful possession of personal identification information in the third degree under Indictment No. 73951/22, in satisfaction of both indictments. The defendant was sentenced under both indictments on April 16, 2024, and appeals from the judgments.
The defendant contends that the Supreme Court erred in denying his motion to dismiss Indictment No. 73951/22 on the ground that he was deprived of his statutory right to a speedy trial pursuant to CPL 30.30(1)(a), asserting that the People's initial certificate of compliance (hereinafter COC) was improper because, prior to filing the COC, the People failed to disclose certain property vouchers generated by the New York City Police Department. However, the defendant's contention is without merit.
Absent an individualized finding of special circumstances, "the prosecution shall not be deemed ready for trial for purposes of [CPL 30.30] until it has filed a valid [COC]" (id. § 245.50[3]; see People v Bay, 41 NY3d 200, 210; People v Coley, 240 AD3d 122, 130-132). The COC must state that "after exercising due diligence and making reasonable inquiries and efforts to ascertain the existence of, obtain, and disclose material and information subject to discovery [under CPL 245.20], the prosecution has disclosed and made available all known material and information it has obtained subject to discovery" (CPL 245.50[1]; see People v Serrano, 234 AD3d 879, 882). "[A] valid [COC] and readiness declaration will not be rendered illusory by subsequent diligent disclosures made in good faith" (People v Macaluso, 230 AD3d 1158, 1159 [internal quotation [*2]marks omitted]).
Here, contrary to the defendant's contention, the People's initial COC was proper. The record demonstrates that the People "exercised due diligence and acted in good faith in making reasonable inquiries and efforts to obtain and provide the discovery required by [CPL 245.20(1)]" (id. § 245.50[1]), "as evidenced by the extensive, voluminous documents provided to the defendant with the initial [COC] and statement of readiness" (People v Macaluso, 230 AD3d at 1160; see People v McMahon, 237 AD3d 746, 752). The People established that their initial failure to disclose the missing materials "was inadvertent and without bad faith or a lack of due diligence" (People v Deas, 226 AD3d 823, 826), as substantiated by the fact that the People immediately disclosed the vouchers once they ascertained that they had not been initially turned over (see People v McMahon, 237 AD3d at 751). Accordingly, inasmuch as the People's initial COC was proper, and the statement of trial readiness therefore was not illusory, the Supreme Court properly denied the defendant's motion to dismiss Indictment No. 73951/22 on the ground that he was deprived of his statutory right to a speedy trial.
The defendant's contention that the Supreme Court should have dismissed Indictment No. 72665/22 based on the People's failure to file a valid COC with respect to that indictment is unpreserved for appellate review inasmuch as he did not move to dismiss that indictment on that ground (see People v Szurgot, 239 AD3d 1444, 1446; People v Elmore, 211 AD3d 1536, 1538). Under the circumstances presented, we decline to review that contention in the exercise of our interest of justice jurisdiction (see CPL 470.15[6][a]; People v Elmore, 211 AD3d at 1538).
IANNACCI, J.P., CHRISTOPHER, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court