People v Douse

2026 NY Slip Op 02742

May 1, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

v

ANNISA N. DOUSE, DEFENDANT-APPELLANT. (APPEAL NO. 1.)

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department

Decided on May 1, 2026

159 KA 24-01033

Present: Bannister, J.P., Montour, Greenwood, Nowak, And Hannah, JJ.

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (JAMES ECKERT OF COUNSEL), FOR DEFENDANT-APPELLANT.

KELLY C. WOLFORD, ACTING DISTRICT ATTORNEY, CANANDAIGUA (KAYLAN C. PORTER OF COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Ontario County Court (Frederick G. Reed, A.J.), rendered April 11, 2024. The judgment convicted defendant, upon a jury verdict, of assault in the second degree.

[*1]

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting her, upon a jury verdict, of assault in the second degree (Penal Law § 120.05 [2]). In appeal No. 2, defendant appeals from a judgment convicting her, upon the same jury verdict, of endangering the welfare of a child (§ 260.10 [1]). Defendant's conviction stems from a physical altercation she had with her 11-year-old son. We affirm in both appeals.

We reject defendant's contention that County Court erred in denying her request for a missing witness charge with respect to the medical personnel who treated the victim at the hospital on the date of the altercation. A missing witness charge instructs a jury that it may "draw an unfavorable inference based on a party's failure to call a witness who would normally be expected to support that party's version of events" (People v Savinon, 100 NY2d 192, 196 [2003]), and is appropriate where: "[1] the uncalled witness is knowledgeable about a material issue upon which evidence is already in the case; . . . [2] the witness would naturally be expected to provide noncumulative testimony favorable to the party who has not called [them], and . . . [3] the witness is available to such party" (People v Gonzalez, 68 NY2d 424, 427 [1986]; see People v Smith, 33 NY3d 454, 458 [2019]; Savinon, 100 NY2d at 197). "[T]estimony is cumulative when it would not have contradicted or added to the existing testimony" (People v Garcia, 192 AD3d 1463, 1465 [4th Dept 2021] [internal quotation marks omitted]; see also Smith, 33 NY3d at 461). Although defendant met her initial burden with respect to her request (see Smith, 33 NY3d at 460; see generally People v Kitching, 78 NY2d 532, 536-537 [1991]; People v Elmore, 211 AD3d 1536, 1539 [4th Dept 2022], lv denied 42 NY3d 938 [2024]), we conclude that the prosecution established that the testimony of the witnesses in question would have been cumulative (see People v Carr, 59 AD3d 945, 946 [4th Dept 2009], affd 14 NY3d 808 [2010]; Elmore, 211 AD3d at 1539; cf. Garcia, 192 AD3d at 1465-1466). Further, we conclude that, the People having met their burden with respect to cumulativeness, defendant did not meet her "ultimate burden to show that the [missing witness] charge would be appropriate" (Smith, 33 NY3d at 459)—i.e., "by demonstrating that the witness's testimony would, in fact, be noncumulative" (People v Khiamdavanh, 234 AD3d 1353, 1354 [4th Dept 2025], lv granted 43 NY3d 1046 [2025]).

Defendant contends that she was deprived of a fair trial by the court permitting the pediatric emergency department doctor and child abuse pediatrician to testify with respect to the cause of the victim's injuries inasmuch as that testimony usurped the function of the jury. We [*2]reject that contention. "The admissibility of expert testimony, even when it concerns an ultimate issue to be determined by the jury, is within the sound discretion of the trial court" (People v Mason, 281 AD2d 893, 893 [4th Dept 2001], lv denied 96 NY2d 785 [2001]; see People v Cronin, 60 NY2d 430, 433 [1983]). Expert opinion is proper when it would "help to clarify an issue calling for professional or technical knowledge, possessed by the expert and beyond the ken of the typical juror" (People v Nicholson, 26 NY3d 813, 828 [2016] [internal quotation marks omitted]). Here, the People's expert testified that based upon her training, experience, and education, her evaluation of the victim, and her review of photographs of the victim's injuries, such injuries were consistent with physical abuse and were not consistent with being caused by routine childhood activity. Under these circumstances, we conclude that the court properly determined that the medical expert's testimony regarding her findings was "not within the range of ordinary training or intelligence" (People v Beckwith, 289 AD2d 956, 958 [4th Dept 2001] [internal quotation marks omitted]; see generally People v Valentine, 48 AD3d 1268, 1270 [4th Dept 2008], lv denied 10 NY3d 871 [2008]) and was, in other words, beyond the ken of the average juror (see People v Seignious, 114 AD3d 883, 884 [2d Dept 2014], lv denied 23 NY3d 967 [2014]).

At sentencing, defendant admitted her prior conviction and did not dispute the relevant period of incarceration listed in the second violent felony offender statement, and thus her contention that she should be resentenced as a first-time felony offender based on the recent Supreme Court decision in Erlinger v United States (602 US 821 [2024]) is not preserved for our review (see People v Hernandez, 43 NY3d 591, 597 [2025]; People v Emanuel, 240 AD3d 1324, 1327 [4th Dept 2025], lv denied 44 NY3d 993 [2025]; People v Lopez-Nunez, 239 AD3d 1327, 1327-1328 [4th Dept 2025], lv denied 44 NY3d 983 [2025]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).

We conclude that the sentences are not unduly harsh or severe.

Entered: May 1, 2026

Ann Dillon Flynn

Clerk of the Court